# Coleman *v.* The State.

### *Indictment for Grand Larceny.*

1. *To what witness may testify.*—A sheriff, or constable, testifying to a conversation had by them with the defendant, prior to his arrest, in which they asked him whether he had any of the money stolen from the prosecutor, not making any accusation against him, may testify "that he did not stand still, but kept turning around and kicking the ground, and would not look at them;" but not "that he was restless, nervous, and excited."

2. *General objection to evidence, partly admissible.*—A general objection to evidence, a part of which is admissible, may be overruled entirely.

3. *Testimony as to defendant's arrest, or surrender.*—The sheriff, by whom the defendant was arrested, or to whom he surrendered, having testified that, not being able to find the defendant, "he told his friends that he had a warrant for the arrest of the defendant, and sent him word to come in and give himself up—that the case against him amounted to nothing, and he would have no trouble to get out of it; that the defendant did come in and surrender a day or two afterwards, but he did not know the defendant got his message;" *held,* that this evidence was improperly admitted, against the objection of the defendant.

4. *Argument of counsel to jury.*—Counsel should not be allowed, in argument to the jury, to state as fact that which is damaging to the defendant, and of which there is no legal evidence.

5. *Charge as to circumstantial evidence.*—A charge asserting that, "to justify conviction, circumstantial evidence ought to exclude a rational probability of innocence, and a conviction ought not to be had on circumstantial evidence, when direct and positive evidence is attainable," is properly refused, as tending to mislead and confuse the jury, when there is some direct and positive evidence, and the record does not show that any other was attainable.

FROM the Circuit Court of Lauderdale.

Tried before the Hon. H. C. SPEAKE.

The defendant in this case was indicted for the larceny of

one hundred dollars in gold coin, the personal property of
Thos. P. Earnest, consisting of four $20 pieces, one $10
piece, and two $5 pieces.   On the trial, the prosecutor testi-
fied to the loss of his money, stated circumstances tending
to show that it had been stolen, and identified a $20 gold
coin, which had a peculiar mark on it, as one of the lost
pieces.   The coin, as one Price testified, who was a constable,
was delivered up to him by Peter McDaniel, the father of
Hilliard McDaniel, who said that he got it from Hilliard,
and that Hilliard said he had won it.   This occurred at the
house of said Peter, when the sheriff and constable had gone
there to arrest Hilliard, who was charged with the larceny.
Hilliard was arrested, and was under indictment for the
offense, when he was introduced as a witness for the prose-
cution in this case; and he testified, in substance, that he
went with the defendant to Earnest's house the night the
money was stolen, and held his mule while the defendant
went into the house, and that the defendant gave him the
gold coin on their return.   The constable further testified
that, after the arrest of Hilliard, he went with the sheriff
to see the defendant, "and asked him if he had any of Hil-
liard's money, not mentioning any particular kind of money;
that they made no charge against him, and said nothing about
arresting him, but only asked if he had any of Hilliard's
money; that defendant replied, that he had not, nor any-
body elses money except his own, and that was greenbacks.
Witness was then asked, if he observed anything unusual
in the defendant's manner during this conversation; to which
question the defendant objected, and excepted to its allow-
ance.   The witness answered, that the defendant, during
said conversation, was restless, nervous, and excited; that
he did not stand still, but was continually changing his posi-
tion, and kicking the ground, and would not look at them.
The defendant objected to this answer, and moved to exclude
it from the jury; which motion the court overruled, and
the defendant excepted."   The testimony of the sheriff, as
to what occurred at this interview, was the same in substance,
and almost in words; and a similar exception was reserved
to its admission.

The sheriff testified, also, that a warrant for the defendant's
arrest was placed in his hands a few days after the arrest of
Hilliard; that he went to defendant's house, but could not
find him, and could learn nothing about him by inquiry
among his neighbors.   "Witness was then asked, if he

[Coleman v The State.]

arrested defendant, and, if so, how; and answered, that he adopted a ruse and entrapped him, and was satisfied this brought about his arrest. To this the defendant objected, and the court sustained the objection, but told the witness he could state what he did, and not give his opinion. Witness then stated, that some of defendant's friends came to town, and he told them that he had a warrant for defendant's arrest, and sent him word by his friends to come in and give himself up—that the case against him amounted to nothing, and he would have no trouble to get out of it; and that a day or two thereafter the defendant did come in and surrender. Witness stated, also, that he did not know that defendant got the message. Defendant objected to this evidence, and moved to exclude it from the jury; which motion the court overruled, and the defendant excepted."

"The counsel for the prosecution, in his argument to the jury, stated that defendant fled to the woods after the arrest of Hilliard McDaniel, and was arrested by a ruse on the part of the sheriff. The defendant asked the following charges in writing: (1.) 'There is no proof in this case that the defendant took to the woods, and the fact that he was not at the place where the officer sought to find him, if it be a fact, is not alone evidence that he was avoiding arrest.' (2.) 'To justify conviction, circumstantial evidence ought to exclude a rational probability of innocence; and a conviction ought not to be had on circumstantial evidence, when direct and positive evidence is attainable.' The court refused each of these charges, and the defendant duly excepted to the refusal of each."

EMMET O'NEAL, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The statement of the sheriff, and of the constable, when on the witness stand, that on a certain occasion, before his arrest, the defendant was "restless, nervous and excited," if properly objected to, would have been inadmissible.—*Gassenheimer v. State*, 52 Ala. 313; *McAdory v. State*, 59 Ala. 92. But, if part of the testimony offered be legal, and the objection is to the whole in a lump, the court is not bound to separate the legal from the illegal, but may overrule the entire objection.—3 Brick. Digest, 443, § 570. The other portions of the evidence, to which,

[Carl v. The State.]

as a whole, a single objection was interposed, were legal, and properly allowed; and there is nothing in these objections. 3 Brick. Dig. 437, §§ 455, 458; *Pollock v. Gantt,* 69 Ala. 373, 378.

The sheriff was allowed to testify as a witness, "that some of the defendant's friends came to town, and he told them that he had a warrant for the arrest of defendant; that he sent defendant word by his friends to come in and give himself up—that the case against defendant amounted to nothing, and that he would have no trouble to get out of it; and that a day or two thereafter defendant did come in and surrender. Witness also stated, that he did not know that defendant got the message." Defendant excepted to the admission of this evidence. The Circuit Court erred in this ruling.

There was no legal evidence that defendant had "fled to the woods," if indeed there was *any evidence* that such was the case. Counsel should not be permitted to state as fact that which is damaging to defendant, and of which there is no legal proof.

Charge 2 asked by the defendant, though possibly true in some states of proof, was rightly refused in this case. It was not adapted to the testimony. There was some positive proof—that of Hilliard McDaniel—that defendant did steal the money, and the record does not tend to show that any additional, positive testimony could be obtained, or was in existence. The tendency of the charge, if given, would have been to mislead and confuse the jury.—3 Brick. Digest, 111, §§ 73, 79.

Reversed and remanded.