84 So.2d 342

Sonny CHAMBERS, alias Sonny Boy,

v.

STATE of Alabama.

4 Div. 816.

Supreme Court of Alabama.

Dec. 22, 1955.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for the State.

Roy L. Smith and Smith & Smith, Phenix City, for appellant.

MERRILL, Justice.

Appellant was tried in the Circuit Court of Russell County under an indictment charging first degree murder. He was convicted of second degree murder and sentenced to 25 years in prison. From the judgment of conviction and the judgment overruling his motion for a new trial, he appeals.

The physical encounter between appellant and the deceased, in which the deceased sustained knife wounds which caused his death, took place in a drinking place in Phenix City. There were several eyewitnesses to the affair. The evidence as to the particulars of the difficulty is in dispute. Evidence for the state was to the effect that there was no argument between appellant and the deceased prior to the fatal encounter and that the attack made on the deceased by the appellant was unprovoked. The appellant adduced evidence to the effect that he had done nothing to provoke the difficulty and that he killed the deceased in self-defense.

The appellant took the stand to testify in his own behalf. On his cross-examination by the solicitor, the following transpired:

"Q. And you pleaded guilty to killing a man over in Georgia, and you were sentenced—

"Mr. Smith: (Interrupting) We object to that, your Honor, and move for a mistrial. Bringing in some highly prejudicial reference to some former charge—

"The Court: I will overrule your objection. I will let him ask that.

"(Exception by Mr. Smith.)

"Q. You pleaded guilty over in Georgia to killing a man and were sentenced for a killing a man to from ten to twenty years, and you pleaded guilty; and you were on parole when you killed S. B. Sanders? A. I didn't kill him.

"Q. You pleaded guilty to it and were sentenced to the penitentiary, weren't you, for from ten to twenty years? A. Yes, sir.

"Mr. Smith: Now if it please the Court, we make a motion for a mistrial and ask that the case now be withdrawn from the jury. This is calculated for no reason other than to prejudice the minds of the jury, and we object to it.

"The Court: I will overrule your objection.

"(Exception by Mr. Smith)"

The appellant contends that the allowance of this testimony was error as it was an attempt to prove the commission of the present offense by going into the particulars of another offense having no bearing on or relation to the instant case.

We are cognizant of the line of cases holding that in prosecution for a particular offense, evidence, as to the guilt of the accused of another distinct offense, unconnected with the one charged, is not admissible as substantive evidence to prove guilt of the offense charged. 6 Ala. Digest, Crim. Law, ☞ 369(1). However, when the accused takes the stand to testify in his own behalf, he does so in a dual capacity—

(1) as the accused and (2) as a witness. In his capacity as a witness his credibility may be impeached in the same way or ways in which the credibility of any other witness may be impeached. Stone v. State, 208 Ala. 50, 93 So. 706; Pitts v. State, 261 Ala. 314, 74 So.2d 232. "A defendant, who testifies for himself as a witness, may be impeached in the same manner as other witnesses, by showing that he has been convicted of crime involving moral turpitude, or that he has made contradictory statements, or that he is a person of bad character." Carpenter v. State, 193 Ala. 51, 69 So. 531, 532; Gast v. State, 232 Ala. 307, 167 So. 554; Vaughn v. State, 235 Ala. 80, 177 So. 553; Title 7, § 435, Code 1940.

We think the matter complained of was properly allowed as an attack on the credibility of the witness for the purpose of impeaching his testimony. We are strengthened in our conclusion that no error prejudicial to appellant was committed by a portion of the oral charge to the jury wherein the lower court stated:

"The Court permitted the State to show by the defendant on cross examination that he had been guilty of a crime involving moral turpitude in the State of Georgia. However, I charge you that it doesn't make any difference if he committed three or four murders over there—you can't try him for that or for any part of it. This is permitted to go to you, or allowed to go to you in cross examination, for the purpose of deciding his credibility; that is, in deciding the credibility of his testimony or whether you want to believe it or not, and nobody says that you should or shouldn't. You are still the judges of the facts, and it is up to you to give such weight and credit to every witness that has testified as you see fit."

The appellant requested several written charges which were refused by the lower court. Charge 1 was a directed verdict for appellant. Charge 10 was in effect a directed verdict for appellant for first degree murder and charge 11 a directed

verdict as to second degree murder. These charges were properly refused. The evidence was in conflict thereby causing a jury question as to the guilt or innocence of the appellant.

 Charges 1–A and 6 are substantially the same charges. Both these charges were properly refused. While it is true that in Harris v. State, 96 Ala. 24, 11 So. 255 and Chaney v. State, 178 Ala. 44, 59 So. 604, charges substantially identical to these were held good, in those cases the evidence was without dispute that the defendant was free from fault in bringing on the difficulty and was under no duty to retreat. Such a factual situation does not exist here. For cases holding that such charges were properly refused, see Favors v. State, 32 Ala. App. 139, 22 So.2d 914 (Charge 23); Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111 (Charge 12); Brown v. State, 33 Ala. App. 97, 31 So.2d 670 (Charge 14).

Charge 4 was discussed at length in the case of Walker v. State, 220 Ala. 544, 126 So. 848, 852. It was there stated that " * * * this principle of law is applicable and to be given in charge * * * where the evidence is such, *as a matter of law,* the defendant is under no duty to retreat." The evidence in the instant case falls short of showing that appellant was under no duty to retreat and the charge was properly refused. Likewise, charge 7 was properly refused as it was not predicated on a belief by the jury that the appellant was free from fault in bringing on the difficulty and that the appellant was under no duty to retreat.

Charge 5 was fairly and adequately covered by the judge in his oral charge to the jury.

The matters we have treated above are the same as those which were assigned as grounds for the motion for a new trial. It follows that the action of the lower court in overruling the motion for a new trial should be sustained.

A careful consideration of the entire record fails to disclose the existence of any reversible error. The judgment is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.