97 So.2d 572

**Elbert BEVINS, alias**

v.

**STATE.**

**8 Div. 30.**

Court of Appeals of Alabama.

Aug. 27, 1957.

Rehearing Denied Sept. 20, 1957.

Powell & Powell, Decatur, for appellant.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment, in three counts, charged burglary and grand larceny. Defendant was convicted of the larceny of a check in the amount of $160, as charged in the third count of the indictment. He was sentenced to the penitentiary for a term of five years.

The State's evidence tended to show that on the night of February 22, 1955, Mr. Garnett, operator of the Allied Sales Company, in Decatur, placed checks and currency totaling approximately $1,300 in two money bags and hid them in the office. Mr. Garnett's actions were visible through a shadeless window to anyone on the outside of the building. The next morning the money bags and their contents were missing.

Among the missing checks was one in the amount of $160 drawn upon the Treasurer of the United States, made payable to Alvie N. Snow. The check had been received by the Allied Sales Company from Mr. Snow on the afternoon of February 22nd as a payment on Mr. Snow's account. The check was not transferred to defendant by either Mr. Snow or the Allied Sales Company.

On February 22, 1955, defendant ·was painting a house for Mr. Garnett's son and came into the Allied Sales Company's premises several times for paint.

A photostatic copy of the check, bearing the endorsement "Elbert Bivins," identified by State's witnesses as being the signature of defendant, was introduced in evidence.

E. E. Hargrove, owner and operator of a pool room at Decatur, testified he cashed the check for defendant, after defendant had endorsed the check in his presence. Defendant stated to him at the time the check had been given to him by Mr. Snow to pay for some painting he had done for him.

The defendant denied that he cashed the check and testified it was not his signature on the check. He also introduced evidence tending to establish an alibi for the evening of February 22nd, and introduced evidence tending to prove his good character.

█ The evidence presented a question for the determination of the jury, and was sufficient to sustain the judgment of conviction. Melson v. State, 38 Ala.App. 514, 88 So.2d 851. There was no error in the refusal of the general affirmative charge as to count 3, nor in the denial of the motion for a new trial.

██ We are of the opinion the following remarks by the solicitor in argument to the jury were so improper and prejudicial as to constitute reversible error: (1) "He again assaulted his fellowman in 1952."

The defendant testified that when he was around 18 years old he served fourteen months in the Alabama penitentiary for assault with intent to murder and that he was 37 years of age at the time of the trial. This was the only evidence concerning an assault on anyone by defendant.

"(2) He walked up and down the depths and breadths of Chicago, steeped in crime."

In overruling the objection to this remark the court said he was doing so because, "on cross examination of one character witness, there was a statement made."

The record shows the statement to which the court referred was made by Mr. Floyd Beason on cross examination, as follows:

"Q. Did you ever hear, sir,—he lived up in Chicago for a while about 2 years ago, didn't he? A. Yes, sir, I think so; he was gone for a little while.

"Q. Did you ever hear he was involved in trouble in Chicago? A. Yes, sir.

"Q. You heard he was involved in an assault case, of taking some property up there? A. I don't recall that I heard that; I just heard he was in a little trouble up there,—in fact, I didn't pay too much attention to it."

These remarks by the solicitor were accusations of crime other than that for which defendant was on trial, stated as matters of fact, unsupported by any evidence in the case, were pertinent to the issue, their natural tendency was to influence the finding of the jury. Cross v. State, 68 Ala. 476; Smith v. State, 261 Ala. 270, 73 So. 2d 916.

The judgment is reversed and the cause remanded.

Reversed and remanded.