157 So.2d 13

**Jerry Gray ROGERS**

v.

**STATE of Alabama.**

**8 Div. 111.**

Supreme Court of Alabama.

Oct. 17, 1963.

W. A. Barnett, Florence, for appellant.

Richmond M. Flowers, Atty. Gen., and Ed. Brogden, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

This is an appeal by defendant from conviction for murder in second degree.

Briefly, the evidence tended to show that defendant was in the rest room of a bowling alley; that deceased there made remarks which were derogatory towards defendant and which defendant overheard; that, subsequently, as deceased, with his companion, and defendant, with his three companions, were leaving the alley, the fatal encounter between defendant and deceased took place; that defendant struck deceased in his chest with a knife and that death resulted from the wound thus inflicted.

Evidence for the state tended to show that defendant was aggressor and guilty of unlawful homicide. Evidence for defendant tended to show that deceased was the aggressor and that defendant struck in self-defense.

Defendant argues that the court erred in admitting, over objection, two confessions allegedly made by defendant. Defendant states: "It is our contention that

there was at least a reasonable doubt as to whether or not the confessions were voluntary." ·

As to each confession, proper predicate was laid showing that the confession was voluntary. All the witnesses, who testified that defendant made the confessions, said that no threats or inducements were made to defendant to obtain the confessions. There is no evidence of threat, promise of reward, or other inducement having been made to defendant. If these confessions were obtained by hope or fear on the part of defendant, the evidence, as it seems to us, fails to show it; but, on the contrary, shows that the confessions were voluntary.

This court has held that, where it was made to appear very clearly that the confessions testified to were voluntary, the court did not err in overruling objection thereto. Talbert v. State, 140 Ala. 96, 37 So. 78; Smith v. State, 253 Ala. 220, 43 So.2d 821. The court did not err in admitting the confessions in the instant case.

■■■ Defendant argues that the court erred in overruling his motion for new trial on the ground that the verdict was contrary to the great preponderance of the evidence.

The witness Richardson testified that defendant stepped toward deceased, made a statement to deceased, and "swung on" deceased, hitting him in the region of his left chest. We are of opinion that the evidence is sufficient to support the verdict and that the court did not err in overruling the motion for new trial on the ground that verdict was contrary to great preponderance of the evidence.

Defendant's refused Charge 30 is substantially the same as Charge 2 which was refused to defendant in Chaney v. State, 178 Ala. 44, 59 So. 604. This court held that the charge was not defective for failure to hypothesize the duty to retreat or freedom from fault, and that the court erred in refusing to give the charge.

The court indicated that the omitted hypotheses were unnecessary in the Chaney case because the undisputed evidence showed that "defendant did nothing to provoke the deceased before shooting," and that defendant, who acted at his own place of business, "was under no legal duty to retreat therefrom."

■■■ In the case at bar, the evidence is in dispute as to whether defendant was free from fault in provoking the difficulty. It is clear that he was not at his home or place of business. He was, therefore, under the duty to retreat. Because Charge 30 fails to hypothesize freedom from fault and the duty to retreat, its refusal was not error. Chambers v. State, 264 Ala. 8, 84 So.2d 342.

■■ Defendant's requested Charge 36 is substantially the same as Charge 6 which was refused to defendant in Harris v. State, 96 Ala. 24, 11 So. 255. Its refusal was held to be error where defendant was under no duty to retreat and there was no evidence that defendant was at fault in bringing on the difficulty.

On the other hand, where the defendant is under a duty to retreat, or the evidence is not undisputed that he is free from fault, as in Shikles v. State, 31 Ala.App. 423, 18 So.2d 412, and in the case at bar, Charge 22 in Shikles and Charge 36 here are correctly refused.

See: Gibson v. State, 126 Ala. 59, 28 So. 673; Gaston v. State, 161 Ala. 37, 49 So. 876; Cheney v. State, 172 Ala. 368, 55 So. 801; Forman v. State, 190 Ala. 22, 67 So. 583; Ex parte Owen, 223 Ala. 467, 137 So. 311; Fowler v. State, 236 Ala. 87, 181 So. 266; Ward v. State, 242 Ala. 307, 6 So. 2d 394; Smith v. State, 243 Ala. 254, 11 So. 2d 471; Gipson v. State, 262 Ala. 229, 78 So.2d 293; Brooks v. State, 263 Ala. 386, 82 So.2d 553.

■■ Defendant argues that the court erred in overruling his objection to the admission into evidence of certain photographs of the body of deceased.

The photographs are not before us. It is obvious that we cannot reverse for this.

supposed error since we cannot, in the absence of the photographs, determine upon their admissibility. Presuming in favor of the correctness of the judgment, we cannot reverse for admission of the photographs. Long v. Rodgers, 19 Ala. 321; Burton & Sons Co. v. May, 212 Ala. 435, 103 So. 46.

Because of matters which occurred during argument of counsel, we are of opinion that the judgment should be reversed and defendant granted another trial. The record shows the following:

"ATTORNEYS OBJECTIONS TO THE ARGUMENTS OF ATTORNEYS TO THE JURY

"DEFENDANT OBJECTS TO THE SOLICITOR, W. L. ALMON, REFERRING TO THE DEFENDANT. AS BEING LIKE A SLICK AND SLIMY CROW. IT IS ILLEGAL, IRRELEVANT, IMMATERIAL AND INVADES HIS CONSTITUTIONAL RIGHTS TO COMPARE HIM TO ANYTHING SLICK AND SLIMY. WE MOVE TO EXCLUDE THE STATEMENT.

"MR. ALMON: I AM GETTING TO FLIGHT.

"OBJECTION AND MOTION OVERRULED. DEFENDANT EXCEPTS.

"MR. BARNETT: COMES NOW THE DEFENDANT AND MOVES THE COURT THAT THIS CAUSE BE CONTINUED AND A MISTRIAL ENTERED BECAUSE THE SOLICITOR ARGUED TO THE JURY THAT THE DEFENDANT HAD ON A LEATHER JACKET WITH A CROW PRINTED ON ITS BACK AND THAT HE WAS THE LEADER AND THAT HE WAS LIKE A SLICK AND SLIMY CROW.

"MR. ALMON: AND THAT HE FLEW AWAY.

"MR. BARNETT: YOU DIDN'T SAY THAT.

"MR. ALMON: I AM GOING TO SAY IT.

"THE COURT: MOTION OVERRULED.

"DEFENDANT EXCEPTS.

" *     *     *     *     *     *

"MR. BARNETT: THE DEFENDANT OBJECTS TO THE STATEMENT THE GENTLEMAN MADE TO THE JURY THAT YOU (REFERRING TO THE JURORS) HAVEN'T BEEN AWAY FROM YOUR FAMILY LIKE TRAVIS POUNDERS HAS BEEN AWAY FROM HIS BECAUSE IT IS ILLEGAL, IRRELEVANT AND IMMATERIAL AND SEEKING TO PREJUDICE THE JURY AGAINST THESE PARTIES.

"OBJECTION OVERRULED. DEFENDANT EXCEPTS.

" *     *     *     *.     *     *

"MR. BARNETT: THE DEFENDANT OBJECTS TO THE STATEMENT 'WHY SHOULD HE TAKE THE LIFE OF THIS MAN AND DEPRIVE THE WIFE AND CHILDREN OF HIS COMPANIONSHIP—'

"MR. POTTS: I WITHDRAW THAT.

"MR. BARNETT: NO, IT'S TOO LATE. WE MOVE TO EXCLUDE THAT BECAUSE IT IS ILLEGAL, IRRELEVANT, IMMATERIAL AND PREJUDICIAL AND IT INVADES THIS DEFENDANT'S CONSTITUTIONAL RIGHTS.

"THE COURT: OBJECTION SUSTAINED, THE STATEMENT 'WHY SHOULD HE DEPRIVE THE WIFE AND CHILDREN, ETC.', GENTLEMEN, THAT IS EXCLUDED; PLEASE DON'T CONSIDER THAT PART OF THE ARGUMENT

WHEN YOU DELIBERATE ON YOUR VERDICT.

"MR. BARNETT: THE DEFENDANT OBJECTS TO THE SOLICITOR MAKING THE STATEMENT 'I THINK IF YOU DON'T GO IN THERE AND PUT A VERDICT ON THIS MAN THAT YOU WILL BE AIDING AND ABETTING IN THE SPILLING OF BLOOD IN THIS COUNTY'. IT IS ILLEGAL, IRRELEVANT AND IT SEEKS TO PREJUDICE THE JURY AGAINST THIS DEFENDANT.

"THE COURT: OBJECTION SUSTAINED. G E N T L E M E N, PLEASE DON'T CONSIDER THAT WHEN YOU DELIBERATE ON YOUR VERDICT IN THIS CASE.

"MR. BARNETT: THE DEFENDANT OBJECTS TO THE STATEMENT OF THE SOLICITOR THAT 'SHE (THE WIDOW) HAS CRIED WITH THE POET TENNYSON'. TENNYSON IS NOT A PARTY TO THIS SUIT AND THERE IS NO EVIDENCE OF IT.

"OBJECTION OVERRULED: DEFENDANT EXCEPTS."

The following excerpt appears in one of the confessions, to wit:

"The tall man said they all think they are smart son of bitches. I thought he was referring to my leather Jacket. I had a crow painted on the back of my jacket. When I finished washing my hands I was looking for some paper towells and had to walk right by them and the tall man remarked again They think they are really hot stuff with those on."

The following is an excerpt from the cross examination of Morrison, who was a companion of defendant and present at the fight, to wit:

"Q. You saw him with his hand in the pocket of his black jacket, didn't you?

"A. No, I didn't.

"Q. This jacket had a crow on the back,— do you have a crow on your jacket?

"A. I have a black jacket but it doesn't have a crow.

"Q. Did you have on your black jacket that night?

"A. No, I didn't.

"Q. You have a black jacket?

"A. Yes, I do.

"Q. Does May have a black jacket?

"A. I don't know.

"Q. Johnston has a black jacket, doesn't he?

"A. He did at one time but the last time I saw it the best I remember was about two years ago.

"Q. Well, he didn't have it on that night?

"A. No, he didn't.

"Q. What about,—just Johnston and you and Jerry were the only ones that had black jackets?

"A. No, we didn't.

"Q. I mean you didn't have them on that night but you owned one?

"A. Yes, I owned one.

"Q. What was the crow for?

"A. I don't know. It was drawn on there. I don't know why."

Other than what is set out above, we find in the record no reference to a crow. We find no evidence to the effect that defendant was like a slick and slimy crow. We are of opinion that the court erred in overruling defendant's objection to the argument that defendant was like a

slick and slimy crow because that argument is not supported by the evidence. Green v. State, 233 Ala. 349, 171 So. 643. Counsel should not be permitted to state as fact that which is damaging to defendant, and of which there is no legal proof. Coleman v. State, 87 Ala. 14, 6 So. 290.

The argument that deceased had been away from his family and that the widow had cried is like the argument held improper in Thomas v. State, 18 Ala.App. 268, 90 So. 878, where the court said:

"In the course of his argument the solicitor made use of the expression, 'We have got to stop this business of running around making widows and orphans.' It is conceded that this was improper. As stated by the court, 'that is not a proper argument.' And the solicitor recognized this also, and stated, 'We will withdraw the statement.' The vital issue in this case was whether or not the defendant took the life of deceased in an unlawful manner. The contention of the state was that he did, and the state's testimony appears to bear out this contention. On the other hand, the defendant strenuously insisted that in taking the life of deceased he acted within his rights conferred by the law; that he was free from all fault in provoking or bringing on the difficulty; that he was in imminent peril of losing his life or suffering grievous bodily harm from the deceased at the time he fired the fatal shot, and that there was no reasonable mode of escape without apparently increasing his peril. It appears that the testimony of defendant and his witness sustain him in this contention. It thus became a question of fact for the jury to determine, and in so determining, the issues involved should be submitted to the jury free from any appeal to prejudice or other improper motive. If as a consequence of this unfortunate homicide it resulted, as may be judged from the record, that a widow and orphans were left to mourn the death of deceased, this fact of itself could shed no light upon the issues involved, and the defendant's cause should not be burdened by unauthorized statements of this character, for the law makes no distinction in matters of this nature. A man with wife and children can be accorded no more rights under the law than a man without such wife and children, and that an expression of this character might be calculated to highly prejudice the minds of the jury under given circumstances and conditions cannot be doubted. It often happens that in trials of this character the loved ones of the deceased and the defendant appear in court and sit with counsel inside the bar, and in the presence of the jury many pitiable scenes are thus depicted. And in such surroundings impassioned arguments by counsel, accompanied by such unauthorized statements as here, 'We have got to stop this business of running around making widows and orphans,' are certainly calculated to engender unduly the sympathies of the jury on the one hand, or to inflame their minds with prejudice and passion upon the other hand. Such unauthorized remarks have no place in a trial where on the one hand a defendant's life or his liberty is involved, and on the other the proper administration of the law is concerned. * * *" (18 Ala.App., at page 271, 90 So., at page 880)

It is true that the court sustained objection to the argument to effect that defendant had deprived the wife and children of deceased of his companionship, and to effect that the jury would be aiding "in the spilling of blood in this county" if they did not convict.

Nevertheless, such unauthorized statements "are certainly calculated to engender unduly the sympathies of the jury on the one hand, or to inflame their minds with prejudice and passion upon the other hand." See: Blue v. State, 246 Ala. 73, 19 So.2d 11.

The court erred in overruling the motion for new trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.