LEIGH M. CLARK, Supernumerary Circuit Judge.
On an indictment charging murder in the first degree, appellant was convicted of murder in the second degree and sentenced to thirty years imprisonment in the penitentiary.
On the night of November 11, 1974, several young men, including defendant and *895 victim, had assembled at a home in Tuscaloosa, where they engaged in dancing. An argument ensued between defendant and the victim. The two went outside. There was evidence that the victim slapped at defendant. The evidence is undisputed that the defendant shot the victim, who immediately ran into the house and thereafter died. Some of the witnesses testified to the effect that defendant was the aggressor. The victim was not armed. Defendant testified to the effect that he was acting in self-defense, thinking that he was about to be killed by a deadly weapon. The victim was the larger of the two.
The pivotal issue in the case was whether defendant acted in self-defense. The court correctly charged the jury as to all degrees of unlawful homicide and in detail as to the elements of self-defense.
The verdict of the jury was amply supported by the evidence.
The only contention made by appellant is that the court committed reversible error in its ruling as to an objection of defendant to a statement made by counsel for the State in his closing argument, as follows:
“MR. HARRIS: I want you to look at that pistol. It might have cost fifteen or twenty dollars, maybe not that much, but it is called a ‘Saturday Night Special’ and it has killed more people—
“MR. BURROUGHS: We object to that. No evidence of that.
“THE COURT: Overrule.
“MR. BURROUGHS: Except.”
Strong argument is made by able counsel for appellant that the reference to the weapon that fired the fatal bullet, as a “Saturday Night Special,” which “has killed more people” constituted “prejudicial statements of fact totally unsupported by the evidence” and served “the sole purpose of arousing the prejudice and passions of the jury,” and that the action of the trial court in overruling defendant’s objection constituted prejudicial error warranting a reversal.
It was on a Monday night that the killing took place. The weapon was a .22 caliber pistol, which was admitted in evidence.
Neither the appellant nor the appellee has cited any case in which the question was presented whether the reference to the weapon that produced the alleged homicide as a “Saturday Night Special” is permissible in argument. They agree that prejudicial error occurs when a party is allowed to make statements of fact, unsupported by the evidence, of a nature substantially prejudicial to the other side. They disagree as to the application of the principle to the statement contained in the argument as quoted above.
In the absence of a case directly on the point, appellant relies upon Smith v. State, 51 Ala.App. 527, 287 So.2d 238 (1973); Rogers v. State, 275 Ala. 588, 157 So.2d 13 (1963); Bevins v. State, 39 Ala.App. 228, 97 So.2d 572, cert. denied, 266 Ala. 695, 97 So.2d 574 (1957). Appellee relies upon Edson v. State, 53 Ala.App. 460, 301 So.2d 226 (1974); Braden v. State, 49 Ala.App. 97, 268 So.2d 877 (1972); Bullard v. State, 40 Ala.App. 641, 120 So.2d 580 (1960); Cross v. State, 68 Ala. 476 (1881). Both cite Garrett v. State, 268 Ala. 299, 105 So.2d 541 (1958).
In Smith, supra, the argument was held to be objectionable but that the error in overruling the objection was harmless. In Rogers, in holding that the argument made was objectionable, the court said:
“. . . Counsel should not be permitted to state as fact that which is damaging to defendant, and of which there is no legal proof. Coleman v. State, 87 Ala. 14, 6 So. 290.” (Emphasis supplied) .
In Bevins, supra, the argument held objectionable was that defendant had “walked up and down the depths and breadths of *896 Chicago, steeped in crime.” The court held:
“These remarks by the solicitor were accusations of crime other than that for which defendant was on trial, stated as matters of fact, unsupported by any evidence in the case, were pertinent to the issue, their natural tendency was to influence the finding of the jury. Cross v. State, 68 Ala. 476; Smith v. State, 261 Ala. 270, 73 So.2d 916.” (Emphasis supplied).
In Garrett v. State, supra, the court upheld the action of the trial court in sustaining the State’s objection to argument of defendant’s counsel.
When expressions are found to the effect that counsel may not make argument that is not supported by the evidence, they are to be taken as meaning that counsel’s arguments should not consist of statements of fact calculated to serve the purpose of evidence. This is emphasized in Cross v. State, 68 Ala. 476, to which many of the subsequent cases on the subject refer, even until the present time, as follows:
“ . . . It is only when the statement is of a substantive, outside fact— stated as fact — and which manifestly bears on a material inquiry before the jury, that the court can interfere, and arrest discussion.” (Emphasis supplied).
The statement made by counsel for the State was not a statement of fact, made as such. He was not contending that the particular pistol had killed anyone other than the victim in this case. It is obvious that he was drawing on information in the field of common knowledge, or at least a contention as to which there is common knowledge.
The fact that a particular statement is not based upon evidence in the case is not in and of itself a valid ground of an objection. This was the ground assigned by defendant’s counsel.
In arguing the case on appeal, appellant’s counsel adds the contention that the statement was of a highly prejudicial nature, that it was inflammatory and calculated to deprive defendant of a fair and impartial trial.
Lexicons generally have not caught up with the current vernacularism of a “Saturday night special.” No effort will be here made to define it with accuracy, but we understand that generally the term is referable to a small, cheap, easily concealed handgun, for use, when needed, on hedonistic occasions often reserved for the non-working part of the week, particularly Saturday night. We recognize that in the matter of proposed gun control laws, the term is used with derision by the proponents of such laws. Doubtless much heat has been generated at times by the use of the term in connection with the highly contested issue of gun control, and we see the likelihood of its being unjustly and preju-dicially used in a homicide case in a court of law. The point is made here for the first time, and it deserves a word of caution, but the particular point was not made before the trial court and a reversal is unwarranted. In holding that in general a party cannot justly complain of the overruling by the trial court of an objection to argument based solely on an invalid ground, we follow the lead of Mr. Justice Jones in Owens v. State, 291 Ala. 107, 278 So.2d 693 (1973), wherein it is stated:
“Our holding affirming the trial court’s overruling of the objection is not to be understood as upholding such prejudicial argument, but is founded on the fact that the ground stated in the objection to the argument did not invoke a ruling of the court based on the prejudicial effect of the argument; nor was this contention made a ground of the defendant’s motion for a new trial. Consequently, since we may review only the rulings of the trial court, we find that the above objection was properly overruled. See Anderson v. State, 209 Ala. 36, 95 So. 171.”
We do not understand that Owens, supra, holds that it is always necessary to *897 assign a valid ground of objection to prejudicial argument of opposing counsel in order to effectively challenge the action of the court in overruling the objection, but we take it to announce the principle that in a case such as Owens, in which the court determined the argument to be prejudicial, and in a case such as this, in which a serious question is raised as to the prejudicial nature of the argument but is not now attempted to be resolved by us, the overruling of an objection on a single specific ground that is not well taken, will not serve to place the trial court in error.
We have reviewed the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh' M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.