Von Roger Weaver was convicted for assault in the first degree and sentenced to ten years' imprisonment. The basis of this appeal is the failure of the trial judge to give three of the defendant's written requested charges relating to the use of deadly physical force.
The refused charges were:
"Charge No. 18
 "I charge you, gentlemen of the jury, that a citizen may repel force with force in defense of his person against one who manifestly intends or endeavors to use unlawful physical force against him. A citizen may use deadly force if he (the actor) reasonably believes that the other person is using or about to use unlawful deadly force against him."
"Charge No. 20 *Page 1279 
 "I charge you members of the jury that Deadly Physical Force, as that term is defined by law, means force, which under the circumstances in which it is used, is capable of causing death or serious physical injury."
"Charge No. 22
 "I charge you members of the Jury, that a citizen may use deadly physical force if he reasonably believes that another person is about to use unlawful deadly physical force against him. That citizen is not required to retreat if it reasonably appears that he cannot avoid the use of such force with complete safety by retreating."
According to the defendant's own testimony, this incident occurred in the middle of the street. The defendant testified that Barnette "swung so hard that the stick come out of his hand, flew down the road. About the time he took off after the stick again, I run towards the stick. I seen he [Barnette] was going to beat me. Run my hand in my pocket and got my knife out. About the time he retched (sic) to pick the stick up again — When he picked the stick up again, that's when I cut you, buddy." (Emphasis added.) The defendant also testified that "the stick flew out of his hand, up the street, and he run back towards the stick, up ahead of me. I run towards the stick."
The trial judge charged the jury on the law of self-defense as contained in § 13A-3-23(a), Code of Alabama 1975, and the use of physical force but did not instruct the jury on the use of deadly physical force.
"[A] person is not justified in using deadly physical force upon another person if it reasonably appears or he knows that he can avoid the necessity of using such force with complete safety: (1) By retreating." Alabama Code 1975, § 13A-3-23(b). "As a general rule, the accused is not entitled to have his claim of self-defense submitted to the jury if the undisputed evidence shows clearly any of the following: . . ., that the accused was able to retreat. . . ." C. Gamble, McElroy'sAlabama Evidence § 457.02(5)(a) (3rd ed. 1977). "In the absence of evidence warranting a finding both that the accused was in actual or apparent imminent peril and that he was unable to retreat, it is assumed that he was not in such peril and that he was able to retreat." McElroy at § 457.02(5)(b). "Where the accused claims the [use of deadly physical force] was in self-defense, the onus rests on him to show that he could not safely retreat without increasing or apparently increasing his peril." McDonald v. State, 340 So.2d 80, 84 (Ala.Cr.App.), cert. denied, 340 So.2d 84 (Ala. 1976).
Additionally, even if there were some evidence of inability to retreat, requested charge number 18 was properly refused because under the circumstances of this case the defendant had a duty to retreat and that charge omitted all reference to the doctrine of retreat. Rogers v. State, 275 Ala. 588, 590,157 So.2d 13 (1963); Smith v. State, 230 Ala. 18, 21, 158 So. 808
(1935); Grady v. State, 51 Ala. App. 143, 145, 283 So.2d 453
(1973).
Charge 22 was properly refused because it ignored the question of freedom from fault. Carter v. State, 82 Ala. 13,2 So. 766, 767 (1887). See also Sanders v. State, 243 Ala. 691,697, 11 So.2d 740 (1943); Grady, 51 Ala. App. at 145,283 So.2d 453. "To justify conduct through a claim of self defense, the accused must neither provoke nor encourage the difficulty. . . . Additionally, some form of retreat is required to establish a claim of self defense." Finchum v. State, 461 So.2d 37, 39
(Ala.Cr.App. 1984) (citations omitted). "[O]ne who claims justification in the use of force must not have brought on the necessity of using it; he must have been entirely free from fault." Commentary to Alabama Code 1975, § 13A-3-23.
The requested charges were properly refused. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1280