The appellant was indicted for capital murder, in violation of § 13A-5-40, Code of Alabama 1975. He was convicted of the murder of Bobby Jack Fuller under § 13A-6-2 as a lesser included offense, and was sentenced to life imprisonment. Three issues are raised on appeal.
The evidence presented by the State tended to prove that on July 25, 1986, the appellant went to the victim's mobile home in Marion County on Dean Scott Road. Three other people were also at the Fuller residence — Connie Bailey, Regina Hulsey, and Chester Rowe Kelly. Appellant and Fuller exchanged angry words over Connie Bailey, Fuller's date, whom appellant felt was "his woman." Appellant then left Fuller's property and parked his truck nearby. More angry words were exchanged, and at some point appellant threw a tire iron at Fuller. Appellant threatened retribution and then drove off. Fuller and his three friends got in their car and left for the evening. They stopped by Fuller's father's house and Fuller borrowed a gun for protection against appellant. The evening was cut short because Fuller's date drank too much and felt sick. The two couples returned to Fuller's trailer. Shortly thereafter, Hulsey and Kelly departed, leaving Fuller and his date at his trailer watching television. The gun was nearby on the coffee table. While Fuller and his date were watching television, appellant suddenly appeared in the doorway of the trailer. Alarmed, Fuller reached for the gun. Appellant told him to put down the gun and "fight like a man." A scuffle ensued and the gun fell to the floor. Appellant, seeing that Fuller was now unarmed, pulled a knife out of his back pocket. The fight resumed and Fuller was stabbed numerous times. Appellant then grabbed Connie Bailey and left the trailer. He stole a neighbor's car, forced Ms. Bailey inside the car, and drove off When the car ran out of gas a half-mile down the road, appellant abandoned the vehicle and started running through the woods, dragging Ms. Bailey with him. Meanwhile, Fuller had managed to get to a neighbor's house just across the road for help. L.J. Barnett heard Fuller calling for help and found him on his front porch. He went out to tend to Fuller and instructed his daughter to call for an ambulance. Fuller told Barnett that *Page 51 
appellant had stabbed him. Moments later he died in Barnett's arms.
Appellant had, in the meantime, come out of the woods, stolen yet another vehicle, and reached a friend's mobile home. Upon arrival, he discovered that Ms. Bailey had been injured at some point during their flight. The girl friend of appellant's friend took Ms. Bailey to the hospital for treatment. On the way to the hospital, the two women were stopped by the police. At that time Ms. Bailey told the police about the incident at Fuller's trailer and of her subsequent ordeal. Shortly thereafter, appellant was arrested and charged with capital murder.
 I
The first issue raised on appeal is that the court erred in not allowing the defense to introduce evidence concerning the violent propensities of the victim, Bobby Jack Fuller.
The general rule in Alabama is that if the evidence in a prosecution for homicide tends to show that the accused acted in self-defense, he has the right to prove the victim's bad general reputation for peace and quiet, for violence, or a like trait, as tending to show that the victim was the agressor.Huffman v. State, 360 So.2d 1038, 1044 (Ala.Cr.App. 1977),aff'd, 360 So.2d 1045 (Ala. 1978); see also C. Gamble,McElroy's Alabama Evidence § 33.01 (1) (3d ed. 1977). However, as we have previously held:
 "`To justify conduct through a claim of self defense, the accused must neither provoke nor encourage the difficulty. . . . Additionally, some form of retreat is required to establish a claim of self defense.' Finchum v. State, 461 So.2d 37, 39 (Ala.Cr.App. 1984) (citations omitted). `[O]ne who claims justification in the use of force must not have brought on the necessity of using it; he must have been entirely free from fault.' Commentary to Alabama Code 1975, § 13A-323."
Weaver v. State, 500 So.2d 1278, 1279 (Ala.Cr.App. 1986).
In the instant case, the evidence is undisputed that appellant instigated the fight and so was not free from fault. "[A] person who enters willingly into a fight cannot rely on self-defense if he kills his adversary." Payne v. State,421 So.2d 1303, 1305 (Ala.Cr.App.), cert. quashed, 421 So.2d 1306
(Ala. 1982); see also Lovell v. State, 521 So.2d 1346
(Ala.Cr.App. 1987). The appellant failed to carry the burden of proof of self-defense. The state of the evidence when evidence of the victim's reputation for violence was offered, foreclosed its being received. The court correctly sustained the objection to evidence of the victim's reputation for violence.
 II
Appellant also contends that the trial court abused its discretion by limiting his cross-examination of a state witness, Deputy Ergle.
Defense counsel was seeking to elicit information contained in Deputy Ergle's official report of the incident. Ergle had stated that he did not have personal knowledge of the events in the report, which was based on information from various witnesses to the incident. This was classic hearsay evidence. Hearsay testimony is not admissible over objection even on cross-examination. Harrell v. State, 470 So.2d 1303, 1307
(Ala.Cr.App. 1984), aff'd, 470 So.2d 1309 (Ala.), cert. denied,474 U.S. 935, 106 S.Ct. 269, 88 L.Ed.2d 276 (1985). The trial court correctly sustained the objection to such evidence.
Each of the individuals who gave Deputy Ergle information for his report had already testified to the information contained in the report, so that evidence to the same effect was already in evidence.
 III
Appellant's final contention is that the trial court erred by limiting his examination of defense witness Chester Rowe Kelly concerning whether the victim may have been intoxicated at the time of the incident. Appellant has failed to cite any authority whatsoever in support of this contention, thereby waiving this issue for *Page 52 
purposes of appellate review. Vinzant v. State, 462 So.2d 1037,1039 (Ala.Cr.App. 1984).
Moreover, our examination of the record reveals that the court allowed defense counsel to elicit testimony from Kelly that the victim Fuller had been drinking for forty-five minutes to an hour prior to the incident. Additionally, the court allowed defense counsel to cross-examine all of the State's witnesses on the question of whether Fuller had consumed alcohol before the incident. As there was ample evidence to the same effect already before the jury, such testimony was merely cumulative and exclusion of that testimony was harmless.Sanders v. State, supra, 426 So.2d at 504.
This case is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.