# Howard *v*. The State.

## *Murder.*

(Decided June 4, 1907.    44 South. 95.)

1. *Criminal Law; Evidence; Admissibility.*—The defendant having testified that after the shooting of decedent, he went for a doctor and did not find one, and did not return, it was proper not to permit him to show why he did not return; it not being made to appear what was proposed to be shown by such question.

2. *Same; Instructions; Reasonable Doubt.*—A reasonable possibility of a defendant's innocence is not the proper predicate for an acquittal.

3. *Same.*—A charge asserting that the jury must acquit if defendant's conduct, upon a reasonable hypothesis, is consistent with his innocence, is proper and should have been given.

4. *Same.*—A charge asserting that a reasonable doubt growing out of the evidence need not be a doubt for which the jury can give a reason, is argumentative and its refusal proper.

5. *Same; Instructions Covered by Those Given.*—It is not error to refuse instructions substantially covered by requested instructions given.

6. *Same; Reasonable Doubt.*—While it is necessary that each juror believe beyond a reasonable doubt that defendant is guilty, it is not necessary to a conviction that evidence be introduced to show to an exact or mathematical certainty that the defendant is guilty.

[Howard v. The State.]

7. *Same.*—The jury is not required to acquit the defendant if one of them have a reasonable doubt of his guilt.

8. *Names; Idem Sonans; Misnomer.*—Where defendant was indicted under the name of "Ravier," with an alias, and by plea of misnomer set up that his true name was "Revear," the names were idem sonans, and the court properly sustained the demurrers to the plea.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Jim Howard was convicted of murder in the second degree, and appeals. Reversed and remanded.

Jim Howard was indicted and tried for the unlawful and malicious killing of Will Leonard by shooting him with a gun. What is said as to exceptions to evidence is sufficiently stated in the opinion of the court.

The following written charges were requested by, and were refused to, the defendant: "(6) The court charges you, gentlemen of the jury, that if there is, from the evidence, reasonable possibility of defendant's innocence, the jury should find him not guilty." "(13) The court charges you, gentlemen of the jury, unless the evidence in this case excludes every reasonable supposition but that of defendant's guilt, you must find him not guilty." Charge 17 is in practically the same language. "(G) The jury must find the defendant not guilty, if his conduct upon a reasonable hypothesis is consistent with his innocence." "(L) I charge you, gentlemen of the jury, that you must find the defendant not guilty, if the conduct of the defendant upon a reasonable hypothesis is consistent with his innocence." "(H) A reasonable doubt growing out of the evidence need not be a doubt for which the jury can give a reason." "(J) It is not necessary to a reasonable doubt that a juror should be able to give a reason for such doubt. The reasonable doubt may exist, and the jury not able to give the reason therefor."

[Howard v. The State.]

The following charges were given at the request of the state: "(G) The court charges that, while it is necessary that each juror believe beyond a reasonable doubt that the defendant is guilty, yet, while this is true, the law does not require the jury to acquit the defendant if one of the jurors have a reasonable doubt of the defendant's guilt. (H) The court charges the jury that it matters not how the definition of a reasonable doubt may be framed, or the words twisted, a reasonable doubt is but a reasonable doubt, and it is not necessary to prove to an exact or mathematical certainty that the defendant is guilty; but if the jury, after a careful consideration of all the evidence, believe beyond a reasonable doubt the defendant is guilty, then you should convict him."

The defendant was convicted of murder in the second degree, and his punishment fixed at 12 years in the penitentiary.

RAY & LEITH, and R. A. COONER, for appellant.— Defendant ought to have been allowed to explain why he did not return after having gone for the doctor.— *Tensey v. The State,* 77 Ala. 33; *Campbell v. The State,* 133 Ala. 88; 91 Am. Rep. 17; 26 Cent. Dig. 420. The court erred in refusing charges G and L, requested by defendant.—*Gregory v. The State,* 140 Ala. 16. And in refusing charges J and 13.—*Sherrill v. The State,* 138 Ala. 3; *Bones v. The State,* 117 Ala. 138. Charge 8 should have been given.—*Welch v. The State,* 96 Ala. 92; *Avery v. The State,* 124 Ala. 20; *McAuley v. The State,* 133 Ala. 128; *Bell v. The State,* 30 South. 281; *Smith v. The State,* 142 Ala. 14. The court erred in sustaining demurrers to defendant's plea of misnomer. —*Adams v. The State,* 67 Ala. 87; *Gilmore v. The State,* 28 South. 595; *Lyons v. The State,* 5 Port. 236; *Law-*

*rence v. The State,* 59 Ala. 61; *Marlett's Case,* 100 Ala. 43; *Munkers v. The State,* 87 Ala. 192.

ALEXANDER M. GARBER, Attorney General, and SHERIFF LACEY, Solicitor, for the State.—The court properly refused defendant's charge 6.—*Sims v. The State,* 100 Ala. 23; *Brame v. The State,* 74 Ala. 38. Charges 13 and J were covered by given charge D. The court properly refused charges G and L.—*Bowen's Case,* 140 Ala. 65; *Tarver v. The State,* 137 Ala. 29. Charges H and J were properly refused.—*Avery v. The State,* 124 Ala. 20; *Humbree v. The State,* 81 Ala. 67. Charge H, given at the request of the state, was proper.—*Bohlman's Case,* 135 Ala. 48; *Fuller v. The State,* 117 Ala. 20. The charges were asked in bulk and their refusal was proper unless all were good.—*Verberg v. The State,* 137 Ala. 73; *Johnson v. The State,* 141 Ala. 37; *Yeates v. The State,* 142 Ala. 58.

DOWDELL, J.—The defendant, testifying as a witness in his own behalf, stated that after the shooting of the deceased he (witness) went to Mountain Top for a doctor. He did not find a doctor, nor did he return to where the shooting occurred. He was asked by his counsel, both on the direct ad redirect examination, why he did not go back to where the deceased was. An objection by the solicitor was sustained to this question. This ruling of the court is now complained of as error. It was not stated to the trial court what was proposed to be shown in evidence by this question. As a general rule secret motives or reasons, or mere operations of one's mind, are not competent in evidence. Moreover, it is not made to appear what answer was expected to the question, whether material or immaterial. Therefore it cannot be said that error was committed in sus-

[Heininburg v. The State.]

taining the objection to the question, and, if any error, that it was prejudicial to the rights of the defendant.

Charge 6, refused to the defendant, was inherently bad. A reasonable possibility of the defendant's innocence is not a proper predicate for an acquittal.

Charges G and L, which were refused to the defendant, were approved in *Gregory v. State*, 140 Ala. 16, 37 South. 259. The court erred in its refusal to give the same.

Charges H and J are each argumentative, and for that reason, if no other, were properly refused.

Charges 13 and 17 each finds substantial duplicate in written charge B, given at the request of the defendant.

Written charges G and H, given at the request of the state, correctly stated the law, and no error was committed in the giving of them.

There was no error in sustaining the demurrer to the defendant's plea of misnomer. The name "Ravier," by which the defendant was indicted under an alias, is idem sonans with the name "Revear," set up as defendant's true name in his plea of misnomer.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded. All the justices concur.