# Wilson v. The State.

### Selling Property Covered by Lien.

(Decided May 18, 1916.   71 South. 971.)

1. **Witnesses; Knowledge.**—Where defendant claimed that he had requested and received permission of the mortgagee to sell certain cotton seed covered by the mortgage for the purpose of raising money to give the hands on his place some Christmas money, the mortgagee's stating that he might sell the same and give the money to the women hands on the place, the testimony of a woman hand on the place that the defendant gave her the proceeds of the cotton seed so sold, was admissible, notwithstanding the absence of evidence that she was present at the sale, or that she knew anything about the money being the proceeds of the cotton seed; the probative force thereof being for the jury.

2. **Evidnce; Conclusion; Leading Question.**—Where defendant claimed that the mortgagee had assented to the sale of the cotton seed so that defendant might give the women hands on his place some Christmas money, a question to one of such hands "Did the defendant, or not, give you the money, the proceeds of the seed cotton he sold to Mr. J. S. Pace?" was objectionable as calling for witness's conclusion and as being leading.

3. **Charge of Court; Involved and Argumentative.**—Charges asserting that the want of more evidence in favor of the innocence of defendant than there is in favor of his guilt may not preclude a reasonable doubt of his guilt, but such doubt may arise when there is no probability of his innocence arising under the testimony, are not only argumentative, but are involved and confusing.

4. **Same; Reasonable Doubt.**—If, upon a reasonable hypothesis, the conduct of defendant is consistent with his innocence, the jury should acquit.

APPEAL from Macon County Court.

Heard before Hon. M. B. ABERCROMBIE.

Houston Wilson was convicted of having sold certain cotton seed upon which there was a mortgage or lien without the consent of the lienor, and he appeals. Reversed and remanded.

No counsel marked for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

EVANS, J.—Appellant was convicted of having sold without the consent of mortgagee certain cotton seed upon which there was an unsatisfied mortgage lien, in violation of section 7432, Code 1907. Appellant admitted the sale of the cotton seed, but testified that he had requested permission of the mortgagee to be allowed to sell the seed in order to raise money to give the hands on his (appellant's) place some Christmas money, and that mortgagee had said that he might sell and turn over the proceeds to the women hands on the place. All of this was denied by the mortgagee.

(1, 2) One Sallie Hicks, who testified on behalf of appellant, was asked the following question, to which the court sustained an objection by the state, and to which action appellant duly excepted: "Did the defendant or not give you the money the proceeds of the seed cotton he sold to Mr. J. S. Pace?"

It does not appear from the record that witness Sallie Hicks was present at the sale to Pace, or knew anything about the money being the proceeds of the seed cotton, and while the question for determination is the consent vel non of the mortgagee, yet, in view of appellant's version of the matter, the ulterior fact of his having paid money over to Sallie Hicks was a circumstance which, taken in connection with the other testimony, might properly be considered by the jury as having some tendency to bear out appellant's version of the matter. Whatever of weight or probative force it might have was a matter addressed to the jury. While this is true, the form of the question was objectionable, in that it both calls for a conclusion of the witness and is leading and the court will not be put in error for sustaining the objection.

(3, 4) The bill of exceptions further reveals exceptions to the refusal of the court to give the following charges: "(1) I charge

you, gentlemen of the jury, that the want of more evidence in favor of the innocence of the defendant than there is in favor of his guilt may not preclude a reasonable doubt of his guilt. (2) If the conduct of the defendant upon a reasonable hypothesis is consistent with his innocence you must acquit him. (3) I charge you, gentlemen of the jury, that the want of more evidence in favor of the innocence of the defendant than there is in favor of his guilt may not preclude a reasonable doubt of his guilt, but such doubt may arise when there is no probability of his innocence arising under the testimony."

Charges 1 and 3 were properly refused because they were involved, confusing, and argumentative, and a similar charge was recently so held.—*Bunk James, alias Buster James v. State*, in Ms. Charge 2 was a correct statement of the law. Its refusal was error, and must work a reversal.—*Howard v. State*, 151 Ala. 22, 44 South. 95; *Gregory v. State*, 140 Ala. 16, 37 South. 259.

The judgment of the court below is accordingly reversed, and the cause remanded.

Reversed and remanded.