(88 South. 28)

## WOOD v. STATE. (5 Div. 353.)

(Court of Appeals of Alabama. Feb. 1, 1921.)

1. CRIMINAL LAW ⟨⟩554—JURY MAY REJECT TESTIMONY OF ACCUSED.

In a prosecution for murder, court properly refused as an incorrect proposition of law a requested instruction that, "If the defendant's testimony has not been impeached, then the jury has no right to reject this testimony."

2. CRIMINAL LAW ⟨⟩554—TESTIMONY OF ACCUSED TO BE WEIGHED AS OTHER TESTIMONY.

The jury must weigh and consider the testimony of the accused, as other testimony in the case, and, after so weighing it, accept or reject it as they may decide.

3. CRIMINAL LAW ⟨⟩829(1) — REQUESTED CHARGE COVERED BY GIVEN CHARGE PROPERLY REFUSED.

Court did not err in refusing a requested charge fully covered by the oral charge and the given written charges.

4. CRIMINAL LAW ⟨⟩761(6)—REQUESTED INSTRUCTION AS TO SELF-DEFENSE PROPERLY REFUSED AS ASSUMING ACCUSED TO BE REASONABLE MAN.

In a homicide case, court properly refused, as assuming defendant to be a reasonable man, a requested charge that: "If the defendant was free from fault in bringing on the difficulty, it is immaterial whether the decedent had a weapon, but that if he made a demonstration such as to lead the defendant to believe that he was about to draw a pistol, the defendant had a right to fire first and to kill decedent, without waiting to see whether decedent had a weapon."

5. CRIMINAL LAW ⟨⟩798(1)—REQUESTED INSTRUCTION AS TO ACQUITTAL, IF SINGLE JUROR HAD REASONABLE DOUBT, PROPERLY REFUSED.

In homicide case, court properly refused to instruct that defendant must be acquitted if a single juror had a reasonable doubt of his guilt arising from the evidence.

6. CRIMINAL LAW ⟨⟩814(8, 9) — CHARGE PROPERLY REFUSED AS NOT BEING CONFINED TO OFFENSE CHARGED.

In a prosecution for murder in the first degree, the court properly refused, on the ground that it was not confined to the charge on which the defendant was being tried, a requested charge that "the jury must acquit the defendant if his conduct on reasonable hypothesis is consistent with his innocence."

7. HOMICIDE ⟨⟩112(1), 116(4)—RULE AS TO SELF-DEFENSE IN THE HOME STATED.

In order to justify a man to shoot in self-defense, even in his own home, the conduct of his adversary must be such as to impress the mind of a reasonable man that he must shoot in order to prevent death to himself, or great bodily harm, and only then when the defendant was free from fault in bringing on the difficulty.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Will Wood was convicted of murder in the second degree and appeals. Affirmed.

The following are the charges referred to in the opinion:

(1) If the defendant's testimony has not been impeached, then the jury has no right to reject this testimony.

(3) If the defendant was free from fault in bringing on the difficulty, it is immaterial whether the decedent had a weapon, but that if he made a demonstration such as to lead the defendant to believe that he was about to draw a pistol, the defendant had a right to fire first and to kill decedent, without waiting to see whether decedent had a weapon.

(5) The defendant must be acquitted if a single juror has a reasonable doubt of his guilt arising from the evidence.

(6) The jury must acquit the defendant if his conduct on reasonable hypothesis is consistent with his innocence.

(8) A man's home is his castle, and the defendant, if free from fault in bringing on the difficulty, was under no duty to retreat, but if the decedent made a demonstration, such as to lead the defendant to believe that he was about to draw a pistol, the defendant had a right to kill the decedent without waiting to see whether decedent had a weapon or not.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the Reporter.

SAMFORD, J. [1, 2] There were no objections or exceptions to the evidence. The court gave to the jury a full and fair charge on the law of the case, covering the different degrees of murder, and at the request of defendant in writing gave 31 written charges, many of which were duplicates of what had already been charged. Nine charges requested in writing by defendant were refused. The first of these does not assert a correct proposition of law. The jury must weigh and consider the testimony of the defendant, as other testimony in the case, and, after so weighing it, accept or reject it as they may decide.

[3] Refused charge 2 was fully covered by the oral charge and the given written charges.

[4] Charge 3 was defective in that it assumed the defendant to be a reasonable man.

Charge 4 is fully covered by the several charges given at the request of the defendant, defining a reasonable doubt, as well as in the court's oral charge.

[5] Charge 5 is so obviously bad as not to need comment.

[6] Charge 6 is not predicated on the evidence or confined to the charge on which the defendant was being tried.

Charge 7 was fully covered by the oral charge and the special written charges given at the request of the defendant.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[7] Charge 8 is not a correct statement of the law of self-defense. In order to justify a man to shoot in self-defense, even in his own home, the conduct of his adversary must be such as to impress the mind of a reasonable man that he must shoot in order to prevent death to himself, or great bodily harm, and only then, when the defendant was free from fault in bringing on the difficulty.

It is not necessary to pass upon charge 9, refused to defendant, as every legal proposition embraced in the charge had been fully and fairly given in the oral charge and in several of the written charges requested by the defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.