## DU BOSE v. STATE. (5 Div. 468.)

(Court of Appeals of Alabama. April 15, 1924.)

1. **Criminal law ⬅260(13)—Objection that defendant was arraigned in circuit court on affidavit other than that on which he was tried in county court held properly overruled.**

Objection that defendant was arraigned in circuit court on an affidavit other than that on which he was tried in the county court *held* properly overruled where it affirmatively appeared from the record that when defendant was actually tried in the county court an affidavit and warrant of arrest and appearance bond had been filed in that court for several weeks, and it was clearly inferable that defendant was tried finally for the same offense upon which the prosecution was originally based; irregularities in such case being of no moment.

2. **Criminal law ⬅260(13)—Solicitor's statement of cause of complaint in circuit court not necessary before trial for liquor law violation.**

Under Acts 1915, p. 32, § 32, relating to prosecutions under the prohibition act, it is not a necessary prerequisite to trial in the circuit court on appeal from the county court that the solicitor shall, unless waived by accused, make a brief statement of the cause of complaint as required by Code 1907, § 6730.

3. **Criminal law ⬅252(3)—Indictment designating accused by initials only subject to plea of misnomer.**

An affidavit designating or describing accused by initials only, and containing no averment that his Christian name was unknown to affiant, is subject to a plea of misnomer.

4. **Criminal law ⬅1032(5)—Sufficiency of affidavit designating accused by initials only cannot be first raised on appeal.**

In the absence of a plea in the lower court questioning the sufficiency of an affidavit which described accused by initials only, the matter cannot be first raised on appeal.

5. **Criminal law ⬅396(1)—Exclusion of defendant's evidence in rebuttal of matters described by state witnesses held error.**

In a prosecution for violation of the prohibition laws, where the state's witnesses were allowed full latitude in describing a difficulty which occurred at the time of defendant's arrest, and in describing the locus in quo, it was error to exclude testimony by defendant's witnesses as to bullet holes in the floor and wall, adduced to rebut the state's testimony as to such matters.

6. **Criminal law ⬅789(16)—Instruction to acquit if defendant's conduct on reasonable hypothesis was consistent with innocence held improperly denied.**

In a prosecution for unlawful possession of prohibited liquors, an instruction to find defendant not guilty if his conduct upon a reasonable hypothesis was consistent with his innocence *held* improperly denied.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 621.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

J. M. Du Bose was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Charge 2, refused to defendant, is as follows:

"2. I charge you, gentlemen of the jury, that you must find the defendant not guilty if the conduct of the defendant upon a reasonable hypothesis is consistent with his innocence."

Saxon & Pitts, of Clanton, for appellant.

Prosecution without indictment must be supported by a statutory affidavit. On appeal, the trial must be upon a statement or complaint by the solicitor, unless waived by defendant. McKinstry v. Tuscaloosa, 172 Ala. 344, 54 South. 629; Dillard v. State, 151 Ala. 92, 44 South. 396; Haynes v. State, 5 Ala. App. 167, 59 South. 325; Lee v. State, 10 Ala. App. 191, 64 South. 637; Code 1907, § 6730. Charge 2, requested by defendant, was erroneously refused. Gregory v. State, 140 Ala. 16, 37 South. 259.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

In this case it was not necessary that the solicitor file a new complaint. Walker v. State, 17 Ala. App. 3, 81 South. 179. Charge 2 was correctly refused, because not predicated upon the testimony. Edwards v. State, 205 Ala. 160, 87 South. 179.

BRICKEN, P. J. The prosecution against this appellant originated in the county court of Chilton county. From the transcript it appears that the case in that court was pending on or prior to November 14, 1922, as on that date there was an order entered by the county judge upon the docket continuing the case. A similar order was made on December 4, 1922, and likewise on January 1, 1923.

The only complaint filed in this case, so far as the record shows was not sworn out until January 1, 1923, the warrant of arrest bears the same date, and the return of the sheriff shows that the arrest of this defendant was made by him on January 2, 1923.

From a conviction in the county court the defendant appealed to the circuit court, and was there tried on the original complaint or affidavit filed in the county court on January 1, 1923. Appellant moved to strike the affidavit and complaint, and assigned numerous grounds not necessary to set out here; the principal ground being that the affidavit upon which he was arraigned in the circuit court was not the affidavit he was tried on in the county court. After hearing testimony on the motion to strike the court overruled same, and defendant excepted. Defendant also objected to being put to trial on the affidavit on similar grounds made on the motion to strike.

[1] Whatever irregularity which might have appeared with reference to the original affidavit or complaint in this case is without moment, as it affirmatively appears by the record that at the time the defendant was actually tried in the county court an affidavit and warrant of arrest and an appearance bond signed by defendant with two sureties had been filed in said court several weeks prior to the trial of defendant in the county court, and that at the time of the trial in the county court no objection to being put upon trial at that time was interposed. Moreover, there was no contention or insistence that the complaint upon which he was tried in the county court was a departure from the original accusation against him; to the contrary, the inference clearly appears that this defendant was tried, finally, in the county court for the same offense upon which the prosecution was originally based. The court therefore committed no error in its rulings in this connection.

[2] The insistence that a necessary prerequisite to trial in circuit court on appeal from county court is that the solicitor shall, unless waived by accused, make a brief statement of the cause of complaint under the terms of the statute (Code 1907, § 6730) is without merit in a case of this character. Under the present law it is provided that in all prosecutions for a violation of any act for the suppression of the evils of intemperance, or to promote temperance (if a misdemeanor), may be begun by affidavit, as well as by indictment, and that when begun by affidavit the prosecution may continue, and, no matter in what court or before what judge, the trial shall be had upon the affidavit upon which it was originally begun, etc. Acts 1915, p. 8, § 32. In view of this statute the cases cited by appellant on this proposition have no application as they are not in point.

[3, 4] In the affidavit the accused was described or designated by initials only, and there was no averment that his Christian name was unknown to affiant. The affidavit or complaint was therefore subject to a plea of misnomer. Gerrish v. State, 53 Ala. 476; Lyon v. State, 61 Ala. 229; Washington v. State, 68 Ala. 85; Winter v. State, 90 Ala. 637, 8 South. 556; Wellborn v. State, 154 Ala. 80, 45 South. 646; Jones v. State, 181 Ala. 75, 61 South. 434; Axelrod v. State, 7 Ala. App. 62, 60 South. 959; Smith v. State, 8 Ala. App. 192, 62 South. 575; Butler v. State, 17 Ala. App. 512, 85 South. 864. But no plea in abatement of this nature was filed in the lower court, and it cannot be raised for the first time on appeal.

During the trial of this case, numerous objections were interposed to questions propounded and to answers given. In many instances, however, no exception was reserved to the court's rulings. We are of the opinion that the testimony as to whether or not the

defendant did have in his possession prohibited liquor at the time complained of was in conflict, and was for the determination of the jury.

There is no necessity, we think, in discussing all of the exceptions to the rulings of the court upon the admission of testimony. Suffice it to say, in the main these rulings were without error prejudicial to the substantial rights of the defendant.

[5] We are of the opinion, however, that the defendant should have been allowed to show by his witness J. P. Gore the condition of the room in which the main transaction occurred, as to bullet holes in the floor and wall of said room. The testimony sought in this connection, as made known to the court, by counsel for defendant, was competent and relevant to rebut the testimony of the state witnesses and to contradict them upon the facts of the res gestæ as testified to by them. They (the state witnesses) had been allowed full latitude in describing not only the difficulty which is alleged to have occurred at the time of the arrest of this defendant by them, but also the locus in quo, that is, the place in which the transaction or difficulty occurred. It may be true, as contended by the state, that the condition of the room in this respect could shed no light upon the issue as to whether or not the defendant was at that time in possession of prohibited liquor, but, as above stated, the state on the direct examination of its witnesses brought in this case these several matters, many of which were not necessary in the developing of the charge or accusation against defendant, that of unlawfully being in possession of prohibited liquors. In fact, the major portion of the state's testimony appears to have been confined to the difficulty which occurred upon that occasion between the arresting officers and the defendant, in which difficulty it appears without dispute that the only person wounded was the defendant, who was shot in the back by state witness Scarborough, the bullet penetrating entirely through the body of defendant. Under this state of the testimony the elementary rules of evidence would permit the defendant, by cross-examination of the state witnesses and by direct examination of his own, to rebut the several facts injected into the case by the state, and to contradict the testimony of the state's witnesses in this connection.

[6] Charge 2, refused to defendant, should have been given. Brown v. State, 118 Ala. 111, 23 South. 81; Gregory v. State, 140 Ala. 16, 29, 37 South. 259; Howard v. State, 151 Ala. 22, 44 South. 95 (charges G and L); Wilson v. State, 14 Ala. App. 87, 71 South. 971.

The remaining refused charges were either properly refused for not correctly stating the law, or were fairly and substantially covered by the oral charge of the court or by the given charges.

Reversed and remanded.

SAMFORD and FOSTER, JJ., concur in the reversal of this case, but as to charge 2 refused to the defendant they are of the opinion that under the authorities of Davis v. State, 188 Ala. 59, 66 South. 67, and Edwards v. State, 205 Ala. 160, 87 South. 179, the charge was properly refused.