304 So.2d 27

**In re John O. BROWN**

**v.**

**STATE.**

**Ex parte John O. Brown.**

**SC 999.**

Supreme Court of Alabama.

Nov. 21, 1974.

Atchison, Clay & Street, Mobile, for appellant.

No brief for the State.

McCALL, Justice.

Petition of John O. Brown for writ of certiorari to the Court of Criminal Appeals to review and revise judgment and decision of that court in Brown v. State, 53 Ala. App. 674, 304 So.2d 17, decided August 13, 1974, is denied.

In denying the petition for writ of certiorari in this case, this court does not

wish to be understood as approving or disapproving all of the language used or the statements of law made in the opinion of this case in the Court of Criminal Appeals. See Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Opelika Coca-Cola Bottling Co., Inc. v. Johnson, 286 Ala. 460, 241 So.2d 331; Cooper v. State, 287 Ala. 728, 252 So.2d 108; and Winn-Dixie Montgomery, Inc. v. Brindley, 289 Ala. 755, 266 So.2d 150.

Writ denied.

HEFLIN, C. J., and BLOODWORTH, J., concur.

COLEMAN and JONES, JJ., concur in result.

COLEMAN, Justice (concurring in result):

Defendant asserts that the Court of Criminal Appeals erred in failing to declare that the trial court erred in asking, in the hearing of the jury, whether defendant would consent to a separation of the jury pending the trial.

The Court of Criminal Appeals said counsel "did object *but he did not move for a mistrial*," and further said that "This was an oversight on the part of the trial judge and we deem it was harmless error. Kenny v. State, 51 Ala.App. 35, 282 So.2d 387."

In *Kenny*, the Court of Criminal Appeals considered whether Title 30, § 97(1), had been violated, and among other things, said: ·

"We think that the failure of defense counsel to *object* or *ask for a mistrial* precludes our finding error in the assistant District Attorney's using the word 'separation' in the presence of the jury.

" . . .

"Strictly speaking, the prosecutor's question does not fall within the impropriety denounced by the statute. Since the point was *neither reserved by objection before the jury went to lunch* nor *by way of a ground in a motion for new trial,* the State was given no opportunity in the trial court to exonerate itself from the pall cast by the separation. . . ." (Emphasis Supplied) (51 Ala.App. at 37, 282 So.2d at 389)

I do not agree that a violation of Title 30, § 97(1), can be preserved for review only by an objection *and* a motion for mistrial. The statute does not so provide, and *Kenny* does not so hold. As is readily apparent above, the statement in *Kenny* is that the alleged error in using the word "separation" in presence of the jury was not in any way preserved in the trial court, and, because the error was not so preserved, it was not available on appeal. *Kenny* holds that the error must be preserved in the trial court, and indicates that this can be done by any one of three ways which are stated disjunctively, to wit:

"*to object* or *ask for a mistrial*";

"*by objection before the jury went to lunch*" or "*by way of a ground in a motion for new trial.*"

I am of opinion that objection alone is sufficient, without more, to preserve for review a violation of Act No. 384; Title 30, § 97(1).

The statute here considered, however, is not a section of the Code of 1940 adopted by the Legislature. The statute does appear in the 1958 Recompilation of the Code as § 97(1) of Title 30. The statute passed by the Legislature is Act No. 384, approved July 8, 1943; General Acts of Alabama 1943, page 358.

Section 1 of Act No. 384 recites:

"Section 1. The provisions of this Act shall apply only in the Circuit Court in counties having a population of 140,000 or more according to the last or any subsequent Federal census."

The opening sentence of § 97(1) in the 1958 Recompilation is to the same effect.

In Acts of Alabama 1973, Vol. IV, page 2260, it is shown that, according to the 1970 Federal census, the population of Baldwin County is "59,382." The report of the opinion of the Court of Criminal Appeals shows that the instant case is an appeal from the Circuit Court of Baldwin County.

Because Act No. 384 applies only in the circuit court in counties having a population of 140,000 or more, and Baldwin County does not have a population of 140,000 or more according to the last Federal census, Act No. 384 does not apply in Baldwin County, nor in the instant case.

Section 3 of Act No. 384 recites:

"Section 3. It shall be improper for the trial court to ask the accused, counsel for the accused, or the prosecuting attorney in the hearing of the jury whether or not he or they will consent to a separation of the jury pending the trial. It shall be improper for the accused or counsel for the accused, or the prosecuting attorney to state to the trial court in the hearing of the jury that he or they consent to a separation of the jury pending the trial."

Defendant's contention is that the judgment of conviction should be reversed because the action of the trial court in the hearing of the jury is forbidden by Section 3 of Act No. 384.

Inasmuch as defendant's contention is based on applying Act No. 384 as the law governing the trial of the instant case, and Act No. 384 is not the law governing the trial of the instant case, no error is shown; and, for this reason, I concur in the denial of certiorari.

JONES, J., concurs.