312 So.2d 598

**Jerome SMITH**

v.

**STATE.**

**6 Div. 812.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

Rehearing Denied May 6, 1975.

Edward L. Ramsey, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David L. Weathers, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and sentenced to twenty years in the penitentiary. He was found to be indigent and was represented at arraignment and trial by a court-appointed lawyer. He pleaded not guilty. After conviction, he gave notice of appeal and sentence was suspended pending appeal. He was furnished a free transcript and new counsel was appointed to represent him on appeal.

Between ten and ten-thirty on the morning of November 25, 1972, four black men entered Alley's Drugstore at 1242 Tuscaloosa Avenue in Birmingham and took $1,194.00 from this business. Three of the

robbers had pistols and the fourth had a sawed-off shotgun. The owner and four employees were in the drugstore when the men came in. During the progress of the robbery, a twelve-year-old white girl came in the place to buy some school supplies. At gun point, the robbers made everyone in the store lie face down on the floor, cursed them and told them if they looked up, it would be the last time they would ever look again. Everyone complied with the orders of the gunmen.

One of the robbers, subsequently identified as appellant, stuck a pistol in the face of the pharmacist and told him to get on the floor and not look up. While the pharmacist was on the floor, appellant asked him where the money was located and he said the money was in the safe. Appellant ordered him to open the safe. The safe was not locked and the pharmacist had to crawl six feet to the safe and open the door. Appellant told him to hand the money to him and he reached in the safe and got a bag of money and gave it to the appellant. Appellant told him to get the rest of the money and the pharmacist gave him the money box. Appellant told him to get all the money from the safe. There was one bag of money left in the safe that had been made up for deposit in the bank containing money and checks and this bag, too, was given to appellant. The pharmacist looked appellant squarely in the face on two occasions during the robbery, (1) when appellant pointed the pistol in his face and ordered him to get on the floor, and (2) when he handed him the money from the safe.

While the safe was still open one of the other robbers, subsequently identified as Earnest Frazier, walked up to the pharmacist and pointed a pistol at him and asked, "Where is the morphine and dilaudid?" The pharmacist pointed to the safe and Frazier reached in the safe and got the narcotics himself. The pharmacist got a good look at Frazier at this time.

While appellant and Frazier had the pharmacist at the safe getting the money and narcotics, the other robbers forced one of the clerks to open the cash registers and they took all the money except some small change.

The robbery occurred on Saturday and the following Monday a detective from the Birmingham Police Department carried a stack of twelve to fifteen photographs to the drugstore to see if any of the store personnel could identify any of the robbers. Only the pharmacist picked out photographs of appellant and Frazier, saying they looked like two of the robbers but that he would rather view them in a line-up to be sure of their identification. Appellant and Frazier were arrested on December 3, 1972, and a line-up was conducted on December 4th. The pharmacist viewed this line-up of six blacks and made a positive identification of appellant and Frazier as two of the four black men who robbed the drugstore on November 25, 1972. At appellant's trial, the pharmacist made a positive in-court identification.

Appellant testified in his behalf and denied that he was involved in the robbery of the drugstore. According to his testimony, his mother got him out of bed on November 25, 1972, to try and start her car so she could go to work. He and a friend, Clarence Batain, Jr., inspected the car and determined that the carburetor was faulty; that he and his friend went to a hardware store and got another carburetor and kit and installed it in his mother's car. It was after 11:30 A.M. before they were able to get the car running; that Batain was with him all morning. He could not remember the name of the hardware store where he got the carburetor and was confused as to its location. In sum, appellant presented an alibi.

Appellant claims four errors were committed which should work a reversal of this case. They are:

1.  Appellant was denied his right to keep the jury sequestered as provided by Title 30, Section 97(1), Code of Alabama 1940.

2. Appellant was denied his right to counsel at pre-trial line-up in violation of his rights under the U.S. Constitution's 6th and 14th Amendments.

3. The court's charge that appellant "set up" an alibi constituted an improper comment on the evidence by the court.

4. The prosecutor improperly argued that a previous conviction of appellant was proof that appellant was guilty in this case.

We will consider these claimed errors in the order presented.

■ On the question of the separation of the jury, the record reflects the following:

"THE COURT: Members of the jury, the law provides for your separation during this trial if the State and the Defendant's counsel and the defendant individually agrees thereto. And all three parties have agreed that you may separate during the progress of the trial."

The only logical conclusion that can be drawn from the above quotation is that the trial court followed the law and interrogated the prosecutor, defendant's counsel and the defendant *personally* out of the presence and hearing of the jury and obtained their consent to the jury separation. If the defendant felt that he was prejudiced by this statement of the court, he should have objected and moved for a mistrial. Kenny v. State, 51 Ala.App. 35, 282 So.2d 387; Segers v. State, 283 Ala. 682, 220 So.2d 848.

■ A defendant does not have a constitutional right to counsel at a pre-indictment line-up. Ratcliff v. State, 49 Ala. App. 77, 268 So.2d 858; Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; Houston v. State, 49 Ala.App. 403, 272 So.2d 610.

■ The trial court did not commit reversible error in explaining to the jury that the defendant had "set up" an alibi as a defense to the charge in the indictment. This statement was not a comment on the evidence. However, when counsel for appellant objected the court said, "We will strike the words 'set up' and say presented and say presented an alibi." Appellant's counsel told the court that was satisfactory but he wanted to note his objection and exception anyway. This is nothing more or less than an exercise in semantics.

■ In his argument to the jury the prosecutor said, "I submit to you, ladies and gentlemen that this man has been convicted of this crime before. This is not his first trip around." Appellant's counsel objected to this argument on the ground that the prosecutor was trying to use a previous conviction of robbery by appellant to convict him in this case. The record reflects that it was appellant's counsel who proved by appellant that he had previously been convicted of robbery. Appellant is not in a position to complain of that which his own counsel injected into the case. The prosecutor had a right to argue to the jury that appellant had previously been convicted of a crime involving moral turpitude as affecting his credibility. Title 7, Section 434, Code of Alabama 1940.

■ There was no motion to exclude the state's evidence; there was no motion for a new trial; there was no request for the affirmative charge. In this posture of the record nothing is presented for review. Eady v. State, 48 Ala.App. 726, 267 So.2d 516, and case there cited.

■ Alibi evidence presents a jury issue and the jury resolved that issue against appellant. Price v. State, 53 Ala.App. 465, 301 So.2d 230.

This record is free of errors and the case is affirmed.

Affirmed.

All the Judges concur.