TYSON, Judge.
Willie McDaniel was charged by indictment with the unlawful possession of Meth-aqualone, a controlled substance, contrary to law. The jury found the appellant “guilty as charged,” and the trial court entered judgment which set sentence at two years imprisonment in the penitentiary.
Billy Ray, a deputy sheriff of Cherokee County, appeared before District Judge William Lumpkin and gave an affidavit indicating that two informants, within the forty-eight hour period just prior to making the affidavit, had given him information, stating that beer, Marijuana and Methaqualone were being sold at the residence of Willie McDaniel, the appellant. He stated that the two informants had been to the residence and had bought Quaalude (which contained Methaqualone), Marijuana and beer within the forty-eight hours pre*. ceding August 8, 1979.
Upon receiving the search warrant from Judge Lumpkin, Deputy Ray, accompanied by ABC Agent Leonard Kiser, and ABC Agent L. P. Wetzel, went to the home of Willie McDaniel between 3:30 and 4:00 o’clock on the afternoon of Friday, August 3, 1979. The officers found McDaniel seated inside a cinder block building just to the rear of his residence with a companion named Robert L. Davis. Deputy Ray then read the search warrant to McDaniel and handed him a copy, whereupon Smith, Ray, and Kiser went inside the building and began looking in coolers and deep freeze within the cinder block building. The search warrant specifically authorized a search of the appellant’s home and the cinder block building located on the premises.
Inside the building, Ray found a brown paper bag in the cooler. He directed McDaniel to open the lid and remove the brown bag, stating to the appellant, “Go ahead and get your money,” and McDaniel at that point picked up the bag and told Deputy Ray, “Forget about the sack,” to which Ray replied, “Hand the sack to me, I need to see what’s in it.” He stated that Agent Kiser came in the building at this time and he opened the sack and observed some off-white rounded tablets which were scored lying loose in the brown bag. Ray showed these tablets to both Smith and Kiser at the doorway to the building.
Upon the three officers’ return to the courthouse, the tablets, some eighteen in number, and stamped “Rorer 714,” were placed in a manila envelope and labeled, then taken by Investigator Danny Smith, who kept the envelope locked in his footlocker from August 3 to August 6, 1979, at which time Smith delivered the envelope to Criminalist Joseph Gary Wallace at the Department of Forensic Sciences in Jacksonville.
Criminalist Joseph Gary Wallace testified he received the manila envelope containing the eighteen off-white tablets from County Investigator Danny Smith on August 6, 1979. Wallace made several tests and determined that these tablets contained Meth-aqualone, which was a controlled substance under Alabama law.
ABC Agent Kiser corroborated Deputy Ray’s and Investigator Smith’s testimony.
The appellant’s motion to exclude the State’s evidence was overruled.
Robert L. Davis identified himself as a friend of the appellant, Willie McDaniel. *526 He was seated inside the cinder block building with McDaniel on the afternoon of August 3, 1979, when the several officers came to make a search. Both Davis and McDaniel admitted the officers read them the warrant and that they handed a copy of the search warrant to McDaniel before making a search. Robert Davis and McDaniel contended that the brown paper bag contained “cash money,” belonging to McDaniel, and that each of them looked inside the bag as it was handed to Deputy Ray, and that there were no white tablets or any other kind of drugs contained in the bag. McDaniel insisted that he “did not fool around with drugs.”
On cross-examination, McDaniel admitted a number of arrests and several convictions for “misdemeanors,” but he could not remember how many.
There was no exception to the oral charge of the court.
I
The appellant contends that he was denied a thorough and sifting cross-examination of Deputy Ray and Investigator Smith as to the information which they gave Judge Lumpkin and which was contained in the affidavit made before Judge Lumpkin, which constituted the basis for the search warrant.
Specifically, the appellant contends he was entitled to know the identity of informants one and two, whether or not they were paid by any state or governmental agency, and where the informants were employed.
The trial court allowed the two officers to state that they had received the information from the two informants within the forty-eight hours immediately preceding the filing of the affidavit. Informant No. Two indicated that he had purchased six twelve-ounce cans of beer from Willie McDaniel at his home; Informant No. Two was under thirty years of age and had purchased drugs from Willie McDaniel. The officers also indicated that Informant No. Two had voluntarily given this information to the officers and stated that the white tablets were known as Quaalude and contained Methaqualone. Informant No. One had identified the white tablets as being scored on one side and stamped on the other side with “Rorer 714,” which is the manufacturer’s identification for Quaalude. He had purchased these from Mickey McDaniel, the appellant’s son, at the appellant’s residence.
The two officers also indicated that both informants had given information on three or four prior occasions which had led to convictions in drug and alcohol related cases, and also in the recovery of stolen property. Informant No. One was identified as being twenty-four or twenty-five years of age, and a male, but the two officers declined to identify the two informants based- upon objections by the district attorney and rulings by the trial judge that the name, occupation, place of business, and whether or not either informant had a past criminal record, were matters which did not need to be testified to.
Both counsel for the appellant and counsel for the State of Alabama cited this Court to Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
In Davis v. State, 46 Ala.App. 45, 237 So.2d 635, affirmed, 286 Ala. 117, 237 So.2d 640, this Court noted:
“In Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, it is fairly well established that the prosecution is entitled to withhold the identity of the informant for at least two reasons: (1) to foster its activities in detecting crimes by keeping open lines of communications with the underworld and (2) to protect informers from harm and reprisal.”
See also McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); and Kenny v. State, 51 Ala.App. 35, 282 So.2d 387, cert. denied, 291 Ala. 786, 282 So.2d 392 (1973).
It should be here noted that the two informants simply supplied Deputy Ray and Investigator Smith information which Deputy Ray used to obtain a search warrant. There is nothing in this record to indicate *527 that either informant participated in any way in the crime for which the appellant is charged. Therefore, clearly, the trial judge properly sustained the State’s objection to questions which sought to elicit the identity, place of employment, salary, residence, or whether or not either had a prior criminal record since neither Informant One nor Informant Two was involved in the instant case.
Moreover, it is clear that the trial judge allowed a sifting cross-examination as to those matters which made up the basis of the information the two informants supplied to Deputy Ray, i. e., (1) that sufficient data was elicited to conclude that the informants’ information was reliable and (2) that sufficient information was set forth to determine the circumstances concerning the source of the informants’ information pertaining to the criminal activity. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). See also Hearsay and Probable Cause: An Aguilar and Spinelli Primer, by Judge Charles E. Morylan, Mercer Law Review, Volume 25, No. 3 (1974).
We are of the opinion that the appellant has failed to show that the trial judge abused his discretion with reference to the question on cross-examination of the two officers concerning the identity of Informants One and Two. Buckelew v. State, 48 Ala.App. 411, 265 So.2d 195, cert. denied, 288 Ala. 735, 265 So.2d 202 (1972).
We have carefully examined this record and find no error therein. The judgment is therefore
AFFIRMED.
All the Judges concur.