Glen Gambrel was charged with an unlawful sale of Phencyclidine to Ubirajara Cavalin. After a jury trial, the appellant was convicted and sentenced to two years with ninety days to be served in the county jail and the remaining twenty-one months to be suspended and served on probation. In addition, the appellant was fined one thousand dollars.
The State's evidence showed that Ubirajara Cavalin was employed as an undercover officer with the ABC Narcotics Department. On February 3, 1979, he went to the appellant's house in Mobile. Cavalin was accompanied by two persons, a male on his right in the front seat, and a female in the back seat. On their arrival at the appellant's house, the male passenger left the car, went to the appellant's house, and knocked on the door. He went in and stayed for about fifteen minutes, then came out and stood on the front lawn about ten to fifteen feet away from the car where Cavalin was seated with the female passenger. Approximately fifteen minutes passed before another car drove up and parked in front of Cavalin's car. At that time the appellant went over to the car and talked to the driver and sole occupant of the car, a male whom Cavalin identified as Fred Myers.
According to Cavalin, the only person who went over to Myers' car was the appellant. The male passenger who had been in Cavalin's car remained on the front lawn about ten to fifteen feet away from the car. The appellant remained at Myers' car for about five minutes, then walked over and talked to the male standing on the front lawn, and then turned and walked toward Cavalin's car. When the appellant arrived, Cavalin asked the female passenger seated in the back of the car to leave. Then Cavalin asked the appellant if he had "PCP" and the appellant handed Cavalin a small plastic bag containing "white-yellowish powder." Cavalin then handed the appellant ninety-five dollars. The appellant left the car and went to talk to the male standing on the front lawn. The female passenger returned to Cavalin's car, then the male passenger returned, and Cavalin drove away. The State's evidence showed that the plastic bag contained 58 grams of Phencyclidine.
At the end of the State's case, the appellant reiterated his earlier motion to disclose the identity of the allegedly material witnesses, the two passengers in Cavalin's car. The appellant also moved to exclude the State's evidence based on the ground that the State failed to show that he had knowledge of, or possession and control over the prohibited substance. He also maintained that the motion to exclude should be granted because of the State's failure to disclose the identity of the material witnesses. The motion was denied and the appellant took the stand in his own behalf. He denied both touching or accepting any of the money, and taking or handling any of the drugs. He also said Officer Cavalin lied when he said the appellant had given him drugs in return for ninety-five dollars.
 I
The sole issue raised by the appellant is the court's refusal to order the State to disclose the identity of the allegedly material witnesses.
In support of his contention appellant has cited Roviaro v.United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957);United States v. Gonzales, 606 F.2d 70 (5th Cir. 1979); McElroyv. State, Ala.Cr.App., 360 So.2d 1060, cert. den., Ala.,360 So.2d 1067 (1978); Kenny v. State, 51 Ala. App. 35,282 So.2d 387 (1973).
In each of the cases appellant has cited the informer was either (1) an active participant in the actual transfer of the drugs or *Page 956 
money, Roviaro, supra; McElroy, supra; or (2) a physically present eyewitness to the actual transfer, Kenny, supra; or (3) the only witness, other than the defendant, who could possibly controvert the State's witnesses or support the defendant's asserted defense, Gonzales, supra.
In order to decide whether disclosure should have been made this court must apply the test enunciated in Roviaro v. UnitedStates, supra; we must balance the public interest in protecting the flow of information against the accused's right to prepare his defense. 353 U.S. at 62, 77 S.Ct. at 629.
The Fifth Circuit Court of Appeals in United States v.Gonzales, supra, observed that "two factors are of primary importance in striking that balance. First is the degree of participation exercised by the informant. . . . [S]econd . . . is the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant." 606 F.2d at 75.
Applying these factors to the present case, we find, first, that the informants were not active participants, nor were they physically present eyewitnesses to the actual transfer of the money or the drugs. The State's evidence indicated that neither informer was in a position to see what actually transpired between Cavalin and the appellant. Even though they were present at the time of the sale, they were not eyewitnesses or participants in the actual criminal activity. Although they may have assisted in setting up the actual sale, they did not play a prominent part in it. United States v. Alonzo, 571 F.2d 1384
(5th Cir.) cert. den., 439 U.S. 847, 99 S.Ct. 147,58 L.Ed.2d 149 (1978). McDaniel v. State, Ala.Cr.App., 389 So.2d 524.
Applying the second factor outlined above, we note that appellant's defense, unlike the asserted defense of entrapment in Gonzales, supra, was that he had no knowledge of the occurrence, and no possession or control over the substance. Briefly stated, the appellant's defense was that he did not do it. Under these facts, the relationship between the appellant's defense and the probable testimony of the informants is mere conjecture. Taking the evidence in the light most favorable to the prosecution, as we are bound to do under the law in Alabama, Kent v. State, Ala.Cr.App., 367 So.2d 508, cert. den., Ala., 367 So.2d 518 (1978), the informers were not in a position to observe the actual transfer of the drugs and it is pure supposition that their testimony would have shed light upon the issue of appellant's possession and control over the drugs.
Mere supposition or conjecture about the possible relevancy of the informant's testimony is insufficient to warrant disclosure. United States v. Hare, 589 F.2d 242 (5th Cir. 1979).
In addition, the record demonstrates that the informants were not the sole witnesses who possibly might have controverted the State's evidence or aided in appellant's defense. The man identified as Fred Myers was also present at the time.
We believe it is also well to note that the appellant testified he had met one of the alleged "material witnesses" named "Keith" at a friend's house, and prior to this criminal occurrence appellant had spoken with "Keith" on the telephone on several occasions.
The appellant also called the other informant by name, "Amanda," and said that she was one of his girl friend's best friends. These facts indicate to us that the appellant had substantial knowledge of the identity of those persons whom he asked the circuit court to disclose. See McElroy, supra at 1065.
In the present case, we do not believe that the balance can be struck in favor of disclosing the identity of the "material witnesses." The evidence indicated that the "material witnesses" did not play a significant or prominent role in the criminal activity, and by no stretch of the imagination can it be said that they were the sole participants besides the appellant in the particular criminal occurrence. Roviaro, supra. Therefore, the order of the circuit court in denying the disclosure was proper under the *Page 957 
circumstances, and the judgment of conviction by the Mobile Circuit Court is hereby affirmed.
AFFIRMED.
All Judges concur.